Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*Ideavillage Products Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IDEAVILLAGE PRODUCTS CORP., <br><br> *Plaintiff* <br><br> v. <br><br> 711 MARKET, A LIFE STORE, A_HOME, ABEDOE CREATIVELIFE STORE, AILIVE TRAVEL STORE, ANDY15818521077, AODMUKI OFFICIAL STORE, BABY_APPAREL, BEACH FANTASY STORE, BELR COFFEE STORE, BIUBIUTUA OFFICIAL STORE, BONZAMIND STORE, CHINA HOME PRODUCT, CIXI CITY MAYEE ELECTRIC APPLIANCE CO., LTD., CIXI LASTING PLASTIC FACTORY, CST2002, DHGATE_1, DONGGUAN BOGAO SILICONE PRODUCTS CO., LTD., DONGGUAN GIANTS SILICONE PRODUCTS CO., LTD., DONGGUAN HUGEBIRDS ELECTRONIC CO., LTD., DONGGUAN UNIFRIEND INDUSTRIAL CO., LTD., DONGGUAN XIANGHONG SILICONE CRAFTS CO., LTD., DONGGUAN XINGZHONG SILICONE & PLASTIC PRODUCT CO., LTD., DONGGUAN YUANHONG ELECTRONIC TECHNOLOGY CO., LTD., DONGGUAN ZHEN | **CIVIL ACTION No.** <br><br><br><br> <u>**COMPLAINT**</u> <br><br> **Jury Trial Requested** <br><br> **FILED UNDER SEAL** |

KAI SILICONE PRODUCTS CO., LTD.,
DROPSHIPPING STORE, FULGENCIO, FUNNY
GARRET STORE, FUNNYHOME STORE,
GLOBAL SHOPPER STORE, GUANGZHOU
HOOSUDA INTERNATIONAL TRADE CO.,
LTD., GUANGZHOU VICTORIA BAKEWARE
CO., LTD., H.S.M. INTERNATIONAL (H.K.)
LIMITED, HANGZHOU DONEWELL TRADE
CO., LTD., HEFEI FENGZHISHENG TRADE CO.,
LTD., HELLOYY, HENAN OCEAN POWER
HOMEWARES CO., LTD., HINTA
DROPSHIPPING STORE, HOME AND AUTO
PARTS, HOOKAHS_WORLD, HOT-ITEM,
HUIZHOU MINHUI LI TRADING CO., LTD., J&F
KITCHEN STORE, JIAGE1599, KOOHOO
KITCHEN STORE, LSTACHI TOP1 STORE,
MEOW MEOW LIFE STORE, MILOHOME,
MINCH OFFICIAL STORE, MISSING YOU
STORE, MOKILY HOUSEWARE STORE,
NEWLIFEHOME STORE, NICEWEL, NINGBO
AKITA PLASTIC CO., LTD., NINGBO BESTBUY
INTERNATIONAL TRADING CO., LTD.,
NINGBO BRIGHTER INTERNATIONAL TRADE
CO., LTD., NINGBO CONAI INTERNATIONAL
TRADING CO., LTD., NINGBO HIGH
HOUSEWARE IMP.&EXP. CO., LTD., NINGBO
LIMKONG INTERNATIONAL TRADE CO., LTD.,
NINGBO MATEYNESS HOUSEHOLD CO., LTD.,
NINGBO SHENGHUI PLASTIC TECHNOLOGY
CO., LTD., NINGBO TIANNOY IMP. & EXP. CO.,
LTD., NINGBO XIN YUAN INDUSTRY AND
TRADE CO., LTD., NINGBO YINZHOU EHANG
HOUSEHOLD PRODUCTS CO., LTD., NINGBO
YINZHOU RSC HOUSEWARE CO., LTD.,
NINGBO YISURE DAILY PRODUCTS CO., LTD.,
NINGHAI MARSUN INTERNATIONAL
TRADING CO., LTD., NINGHAI SHUNDA
RUBBER CO., LTD., NPC STORE,
PANGUOGUO-INDUSTRIAL (SHENZHEN) CO.,
LTD., PINGYANG SONGEN CRAFTS FACTORY,
PROFESSIONAL MAKEUP STORE,
QUICKDONE KITCHENWARE STORE,
SANKOTEACH, SANTI, SHANGHAI
HOMEPOWER INDUSTRIES CO., LTD.,
SHANGHAI ROBTOL TOOL MANUFACTURING
CO., LTD., SHANGPU STORE, SHENZHEN

BOTHWINNER PLASTIC ELECTRONIC
FACTORY, SHENZHEN CS INDUSTRIAL
TECHNOLOGY CO., LTD., SHENZHEN
DAYWONS TECHNOLOGY CO., LIMITED,
SHENZHEN DELAMBO TECHNOLOGY CO.,
LTD., SHENZHEN FENGSHENGYUAN
INDUSTRY CO., LTD., SHENZHEN HUAYUAN
GLOBAL TRADE CO., LTD., SHENZHEN
KEYSTAR INDUSTRIES CO., LTD., SHENZHEN
MOZON TECHNOLOGY CO., LTD., SHENZHEN
RIXINSHENG ELECTRONIC TECHNOLOGY
CO., LTD., SHENZHEN RUOCHU GIFT CO.,
LTD., SHENZHEN SENTEXIN TECHNOLOGY
LIMITED, SHENZHEN WEFOCUS
TECHNOLOGY CO., LTD., SHENZHEN
WINGENE ELECTRONIC DEVELOPMENT CO.,
LTD., SHENZHEN X-RAIN BRIDGE
INDUSTRIAL CO., LTD., SHENZHEN YAYA
GIFTS CO., LTD., SHENZHEN YONGJIA MEIXIN
TECHNOLOGY LIMITED, SHENZHEN ZKAIY
SILICONE RUBBER & PLASTIC PRODUCTS
CO., LTD., SHOP3859034 STORE, SILICONE
MOLDS STORE, SPORTS_MAN, SUNGLORY
OFFICIAL STORE, SZ HUWANG TECHNOLOGY
CO., LIMITED, TAIZHOU ZUNCHI MOLD
PLASTIC CO., LTD., THREEBIRDGROUP, TO
YOUR FAVORITE, TOPFAR HOME SUPPLIES
CO.,LTD., TRANSHOME & KITCHEN TOOLS
STORE, TRANSHOME DROPSHIPPING
KITCHEN STORE, WANTING STORE, WARM
HUT STORE, WELFORD OFFICIAL STORE,
WENZHOU SAMANL HOUSEWARE CO., LTD.,
WENZHOU SILI ELECTRONIC TECHNOLOGY
CO., LTD., WENZHOU XIWO INTERNATIONAL
TRADING CO., LTD., WFGOGO OFFICIAL
STORE, WORLDWIDE DROPSHIPPING STORE,
XIAMEN CAPRICORN TRADING CO., LTD.,
XIAMEN GUZHAN INDUSTRY & TRADE CO.,
LTD., XIAMEN HONOR GIFTS CO., LTD.,
XIAMEN XING KE TAI ELECTRONICS CO.,
LTD., XIERUIFANG, YANGJIANG HIMI
HOUSEWARE CO., LTD., YIBER OFFICIAL
STORE, YIWU ALIYOU COMMODITY LTD.,
YIWU CHANSE TRADING CO., LTD., YIWU
FEISHEEP IMPORT & EXPORT CO., LTD., YIWU
HUIXUAN HOME FURNISHINGS CO., LTD.,

YIWU JIASHI ELECTRONIC CO., LTD., YIWU
JIELAI TRADING CO., LTD., YIWU LANHOME
JEWELRY CO., LTD., YIWU MOSUL TRENDS
TRADING FIRM, YIWU REWOOD HOUSEHOLD
ARTICLES CO., LTD., YIWU XINRAN
COMMODITY FACTORY, YIWU ZIHAN
IMPORT AND EXPORT CO., LTD., YOMGO,
YOUE SHONE KITCHEN GLOBAL STORE AND
ZHEJIANG ZHONGXUN CLOTHING CO., LTD.,

*Defendants*

Plaintiff Ideavillage Products Corp. ("Ideavillage" or "Plaintiff"), by and through its
undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1.      This action involves claims for trademark infringement of Plaintiff's federally
registered trademark in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§
1051 *et seq.*; counterfeiting of Plaintiff's federally registered trademark in violation of 15 U.S.C.
§§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c); false designation of origin and unfair competition in
violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a));
copyright infringement of Plaintiff's federally registered copyrights in violation of the Copyright
Act of 1976, 17 U.S.C. §§ 101 *et seq.* and related state and common law claims (the "Action"),
arising from the infringement of the Egglettes Mark (as defined *infra*) and Egglettes Works (as
defined *infra*) by Defendants 711 market, A Life Store, a_home, ABEDOE Creativelife Store,
Ailive Travel Store, andy15818521077, AODMUKI Official Store, baby_apparel, Beach Fantasy
Store, Belr coffee Store, BIUBIUTUA Official Store, bonzamind Store, China Home Product, Cixi
City Mayee Electric Appliance Co., Ltd., Cixi Lasting Plastic Factory, cst2002, dhgate_1,
Dongguan Bogao Silicone Products Co., Ltd., Dongguan Giants Silicone Products Co., Ltd.,
Dongguan Hugebirds Electronic Co., Ltd., Dongguan Unifriend Industrial Co., Ltd., Dongguan

Xianhong Silicone Crafts Co., Ltd., Dongguan Xingzhong Silicone & Plastic Product Co., Ltd., Dongguan Yuanhong Electronic Technology Co., Ltd., Dongguan Zhen Kai Silicone Products Co., Ltd., Dropshipping Store, fulgencio, Funny Garret Store, funnyhome Store, Global Shopper Store, Guangzhou Hoosuda International Trade Co., Ltd., Guangzhou Victoria Bakeware Co., Ltd., H.S.M. INTERNATIONAL (H.K.) LIMITED, Hangzhou Donewell Trade Co., Ltd., Hefei Fengzhisheng Trade Co., Ltd., helloyy, Henan Ocean Power Homewares Co., Ltd., Hinta Dropshipping Store, Home and Auto Parts, hookahs_world, hot-item, Huizhou Minhui Li Trading Co., Ltd., J&F Kitchen Store, jiage1599, Koohoo Kitchen Store, LSTACHi TOP1 Store, Meow Meow life Store, milohome, MINCH Official Store, Missing you Store, MOKILY HOUSEWARE Store, NewLifeHOME Store, Nicewel, Ningbo Akita Plastic Co., Ltd., Ningbo Bestbuy International Trading Co., Ltd., Ningbo Brighter International Trade Co., Ltd., Ningbo Conai International Trading Co., Ltd., Ningbo High Houseware Imp.&Exp. Co., Ltd., Ningbo Limkong International Trade Co., Ltd., Ningbo Mateyness Household Co., Ltd., Ningbo Shenghui Plastic Technology Co., Ltd., Ningbo Tiannoy Imp. & Exp. Co., Ltd., Ningbo Xin Yuan Industry And Trade Co., Ltd., Ningbo Yinzhou Ehang Household Products Co., Ltd., Ningbo Yinzhou RSC Houseware Co., Ltd., Ningbo Yisure Daily Products Co., Ltd., Ninghai Marsun International Trading Co., Ltd., Ninghai Shunda Rubber Co., Ltd., NPC STORE, Panguoguo-Industrial (Shenzhen) Co., Ltd., Pingyang Songen Crafts Factory, Professional Makeup Store, Quickdone Kitchenware Store, sankoteach, santi, Shanghai Homepower Industries Co., Ltd., Shanghai Robtol Tool Manufacturing Co., Ltd., shangpu Store, Shenzhen Bothwinner Plastic Electronic Factory, Shenzhen CS Industrial Technology Co., Ltd., Shenzhen Daywons Technology Co., Limited, Shenzhen Delambo Technology Co., Ltd., Shenzhen Fengshengyuan Industry Co., Ltd., Shenzhen Huayuan Global Trade Co., Ltd., Shenzhen Keystar Industries Co., Ltd., Shenzhen Mozon

Technology Co., Ltd., Shenzhen Rixinsheng Electronic Technology Co., Ltd., Shenzhen Ruochu Gift Co., Ltd., Shenzhen Sentexin Technology Limited, Shenzhen Wefocus Technology Co., Ltd., Shenzhen Wingene Electronic Development Co., Ltd., Shenzhen X-Rain Bridge Industrial Co., Ltd., Shenzhen Yaya Gifts Co., Ltd., Shenzhen Yongjia Meixin Technology Limited, Shenzhen Zkaiy Silicone Rubber & Plastic Products Co., Ltd., Shop3859034 Store, Silicone Molds Store, sports_man, sunglory Official Store, SZ Huwang Technology Co., Limited, Taizhou Zunchi Mold Plastic Co., Ltd., Threebirdgroup, To your favorite, TopFar Home Supplies Co.,Ltd., Transhome & Kitchen Tools Store, Transhome Dropshipping Kitchen Store, Wanting Store, Warm Hut Store, welford Official Store, Wenzhou Samanl Houseware Co., Ltd., Wenzhou Sili Electronic Technology Co., Ltd., Wenzhou Xiwo International Trading Co., Ltd., WFGOGO Official Store, Worldwide Dropshipping Store, Xiamen Capricorn Trading Co., Ltd., Xiamen Guzhan Industry & Trade Co., Ltd., Xiamen Honor Gifts Co., Ltd., Xiamen Xing Ke Tai Electronics Co., Ltd., xieruifang, Yangjiang Himi Houseware Co., Ltd., YIBER Official Store, Yiwu Aliyou Commodity Ltd., Yiwu Chanse Trading Co., Ltd., Yiwu Feisheep Import & Export Co., Ltd., Yiwu Huixuan Home Furnishings Co., Ltd., Yiwu Jiashi Electronic Co., Ltd., Yiwu Jielai Trading Co., Ltd., Yiwu Lanhome Jewelry Co., Ltd., Yiwu Mosul Trends Trading Firm, Yiwu Rewood Household Articles Co., Ltd., Yiwu Xinran Commodity Factory, Yiwu Zihan Import And Export Co., Ltd., yomgo, youe shone Kitchen Global Store and Zhejiang Zhongxun Clothing Co., Ltd. (hereinafter collectively referred to as "Defendants"), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying offering for sale and/or selling unlicensed, infringing and/or counterfeit versions of Plaintiff's authentic Egglettes Product (as defined *infra*).

## JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. and the Copyright Act, 17 U.S.C. §§ 101 *et seq*.; pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition; and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

3.      Personal jurisdiction exists over Defendants in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1), N.Y.C.P.L.R. § 302(a)(3) or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York and in this judicial district, and/or derive substantial revenue from their business transactions in New York and in this judicial district, and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process and/or Defendants' illegal counterfeiting and infringing actions caused injury to Plaintiff in New York and in this judicial district such that Defendants should reasonably expect such actions to have consequences in New York and in this judicial district, for example:

a.   Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including New York, through accounts with online marketplace platforms such as Alibaba.com, AliExpress.com and DHgate.com, as well as any and all as yet undiscovered

7

accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("User Accounts") through which consumers in the U.S., including New York, can view the one or more Defendants' Merchant Storefronts (as defined *infra*) that each Defendant operates, uses to communicate with Defendants regarding their listings for Counterfeit Products (as defined *infra*) and to place orders for, receive invoices for and purchase Counterfeit Products for delivery in the U.S., including New York, as a means for establishing regular business with the U.S., including New York.

b.  Upon information and belief, Defendants are sophisticated sellers, each operating one or more commercial businesses through their respective User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, operate storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in products, including the Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("Merchant Storefront(s)") in wholesale quantities at significantly below-market prices to consumers worldwide, including to consumers in the U.S., and specifically in New York.

c.  Upon information and belief, a majority of Defendants' Merchant Storefronts reflect multiple sales to consumers all over the world, including repeat sales to consumers in the U.S.

d.  Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York and specifically to the New York Address (as defined *infra*).

e.  Upon information and belief, Defendants have transacted business with consumers located in the U.S., including New York, for the sale and shipment of Infringing and/or Counterfeit Products.

f.  Upon information and belief, Defendants are aware of Plaintiff, its Egglettes Product, Egglettes Mark and Egglettes Works, and are aware that their illegal counterfeiting and infringing actions, as alleged herein, are likely to cause injury to Plaintiff in the U.S and specifically, in New York and this judicial district, as Plaintiff conducts business in New York.

4.  Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct, transact and/or solicit business in this judicial district.

## THE PARTIES

5.  Plaintiff Ideavillage Products Corp. is a New Jersey corporation, having a principal place of business at 155 Route 46 West, Wayne, NJ 07470.

6.  Upon information and belief, Defendant 711 market is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2167030, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

7.  Upon information and belief, Defendant A Life Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3205018, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

8.    Upon information and belief, Defendant a_home is a merchant on Dhgate.com, at https://www.dhgate.com/store/suoersotre, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China (Mainland).

9.    Upon information and belief, Defendant ABEDOE Creativelife Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3241041, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

10.    Upon information and belief, Defendant Ailive Travel Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2066066, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

11.    Upon information and belief, Defendant andy15818521077 is a merchant on Dhgate.com, at https://www.dhgate.com/store/20988426, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China (Mainland).

12.    Upon information and belief, Defendant AODMUKI Official Store is a merchant on Aliexpress.com, at https://aodmuki.aliexpress.com/store/3046044, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

13.    Upon information and belief, Defendant baby_apparel is a merchant on Dhgate.com, at https://www.dhgate.com/store/19731540, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Fujian, China (Mainland).

14.    Upon information and belief, Defendant Beach Fantasy Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2825015, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

15.     Upon information and belief, Defendant Belr coffee Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3011010, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China.

16.     Upon information and belief, Defendant BIUBIUTUA Official Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3668043, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

17.     Upon information and belief, Defendant bonzamind Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3852061, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China.

18.     Upon information and belief, Defendant China Home Product is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/1294790, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Zhejiang, China.

19.     Upon information and belief, Defendant Cixi City Mayee Electric Appliance Co., Ltd. is a merchant on Alibaba.com, at https://tvshop.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 508, Xingye North Road, Zhouxiang Town, Cixi, Ningbo, Zhejiang, China (Mainland).

20.     Upon information and belief, Defendant Cixi Lasting Plastic Factory is a merchant on Alibaba.com, at https://bylasting.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 12, Lijia Rd., Longshan Town, Ningbo, Zhejiang, China (Mainland).

21.     Upon information and belief, Defendant cst2002 is a merchant on Dhgate.com, at https://www.dhgate.com/store/20112881, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

22.     Upon information and belief, Defendant dhgate_1 is a merchant on Dhgate.com, at https://www.dhgate.com/store/20155765, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China (Mainland).

23.     Upon information and belief, Defendant Dongguan Bogao Silicone Products Co., Ltd. is a merchant on Alibaba.com, at https://bg51888.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Floor 1, No. 28, Luxi 2nd Road, Xixi Village, Liaobu, Dongguan, Guangdong, China (Mainland).

24.     Upon information and belief, Defendant Dongguan Giants Silicone Products Co., Ltd. is a merchant on Alibaba.com, at https://ourgiants.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 101, Banhujiu Street, Huangjiang Town, Dongguan, Guangdong, China (Mainland).

25.     Upon information and belief, Defendant Dongguan Hugebirds Electronic Co., Ltd. is a merchant on Alibaba.com, at https://hugebirds.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 4, Xiangnan 1st St., Tianmei Industrial Zone, Huangjiang Town, Dongguan, Guangdong, China (Mainland).

26.     Upon information and belief, Defendant Dongguan Unifriend Industrial Co., Ltd. is a merchant on Alibaba.com, at https://unifriendcn.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 3, 6th Lane, Yin'gang North Road, Hengli Town, Dongguan, Guangdong, China (Mainland).

27.     Upon information and belief, Defendant Dongguan Xianghong Silicone Crafts Co., Ltd. is a merchant on Alibaba.com, at https://xianghongrubber.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 12-B,

Dashan Street, First Industrial Area, Xiagang, Chang'an Town, Dongguan, Guangdong, China (Mainland).

28.    Upon information and belief, Defendant Dongguan Xingzhong Silicone & Plastic Product Co., Ltd. is a merchant on Alibaba.com, at https://xingyuansilicone.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Floor 2, Bldg. A, Hengquan Industrial Area, Kangle Road, Hengli Town, Dongguan, Guangdong, China (Mainland).

29.    Upon information and belief, Defendant Dongguan Yuanhong Electronic Technology Co., Ltd. is a merchant on Alibaba.com, at https://twyuanhong.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Floor 2, No. 82, Longjing Road, Xiajia, Sukeng Village, Changping Town, Dongguan, Guangdong, China (Mainland).

30.    Upon information and belief, Defendant Dongguan Zhen Kai Silicone Products Co., Ltd. is a merchant on Alibaba.com, at https://zhenkaisilicone.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 206, Second Floor, No. 3, Jingtai Street, Xianxi Community, Chang'an Town, Dongguan, Guangdong, China (Mainland).

31.    Upon information and belief, Defendant Dropshipping Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2168042, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

32.    Upon information and belief, Defendant fulgencio is a merchant on Dhgate.com, at https://www.dhgate.com/store/20763656, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Zhejiang, China (Mainland).

33.     Upon information and belief, Defendant Funny Garret Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2853075, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

34.     Upon information and belief, Defendant funnyhome Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/1739509, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Fujian, China.

35.     Upon information and belief, Defendant Global Shopper Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3565028, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

36.     Upon information and belief, Defendant Guangzhou Hoosuda International Trade Co., Ltd. is a merchant on Alibaba.com, at https://hoosuda.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Rm. 513A, Floor 5, No. 5.6, West Of Guangpan Road, Dashi Town, Panyu Dist., Guangzhou, Guangdong, China (Mainland).

37.     Upon information and belief, Defendant Guangzhou Victoria Bakeware Co., Ltd. is a merchant on Alibaba.com, at https://victoriabakeware.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 5-3, Zhongxin Road, Julong Ind. Zone, Yanbu, Dali Town, Nanhai Dist., Foshan, Guangdong, China (Mainland).

38.     Upon information and belief, Defendant H.S.M. INTERNATIONAL (H.K.) LIMITED is a merchant on Alibaba.com, at https://hsmhk.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Unit C, 15th Floor, Kee Shing Centre, 74-76 Kimberley Road, Tsim Sha Tsui, Kowloon, Hong Kong.

39.     Upon information and belief, Defendant Hangzhou Donewell Trade Co., Ltd. is a merchant on Alibaba.com, at https://donewell.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room 703, Bldg. 2, Yangguangcheng Pusheng, Fulin Street, Jiangdan Dist., Hangzhou, Zhejiang, China (Mainland).

40.     Upon information and belief, Defendant Hefei Fengzhisheng Trade Co., Ltd. is a merchant on Alibaba.com, at https://hffzs.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Rm. 1806, Bldg. A, Lvdi Lanhai Bldg., Zhengwu Dist., Hefei, Anhui, China (Mainland).

41.     Upon information and belief, Defendant helloyy is a merchant on Dhgate.com, at https://www.dhgate.com/store/21045214/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Beijing, China (Mainland).

42.     Upon information and belief, Defendant Henan Ocean Power Homewares Co., Ltd. is a merchant on Alibaba.com, at https://ocpo.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Rm. 601.602, Floor 6, Bldg. Y10, University Science Park, Changchun Road, High-Tech Zone, Zhengzhou, Henan, China (Mainland).

43.     Upon information and belief, Defendant Hinta Dropshipping Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3155043, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

44.     Upon information and belief, Defendant Home and Auto Parts is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/1305510, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

45.     Upon information and belief, Defendant hookahs_world is a merchant on Dhgate.com, at https://www.dhgate.com/store/19969930, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China (Mainland).

46.     Upon information and belief, Defendant hot-item is a merchant on Dhgate.com, at https://www.dhgate.com/store/14771599, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China (Mainland).

47.     Upon information and belief, Defendant Huizhou Minhui Li Trading Co., Ltd. is a merchant on Alibaba.com, at https://minhuili.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 1-8-07, Fuhangyuan, No. 142, Zhongxing 5th Road, Aotou, Dayawan, Huizhou, Guangdong, China (Mainland)

48.     Upon information and belief, Defendant J&F Kitchen Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3987026, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

49.     Upon information and belief, Defendant jiage1599 is a merchant on Dhgate.com, at https://www.dhgate.com/store/20903234, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

50.     Upon information and belief, Defendant Koohoo Kitchen Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3662043, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China.

51.     Upon information and belief, Defendant LSTACHi TOP1 Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3652094, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

52.     Upon information and belief, Defendant Meow Meow life Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/4056068, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

53.     Upon information and belief, Defendant milohome is a merchant on Dhgate.com, at https://www.dhgate.com/store/20756116, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Zhejiang, China (Mainland).

54.     Upon information and belief, Defendant MINCH Official Store is a merchant on Aliexpress.com, at https://minch.aliexpress.com/store/3209149, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

55.     Upon information and belief, Defendant Missing you Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/4086012, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

56.     Upon information and belief, Defendant MOKILY HOUSEWARE Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3485021, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

57.     Upon information and belief, Defendant NewLifeHOME Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3474057, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

58.     Upon information and belief, Defendant nicewel is a merchant on Dhgate.com, at https://www.dhgate.com/store/20735354, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Jiangxi, China (Mainland).

59.     Upon information and belief, Defendant Ningbo Akita Plastic Co., Ltd. is a merchant on Alibaba.com, at https://akita.en.alibaba.com, where it offers for sale and/or sells

Counterfeit Products and with a principal place of business located at Fengcheng Village, Jishigang Town, Haishu Dist., Ningbo, Zhejiang, China (Mainland).

60.     Upon information and belief, Defendant Ningbo Bestbuy International Trading Co., Ltd. is a merchant on Alibaba.com, at https://nbbestbuy.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room 401, Building 1, No. 117, Changshou East Road, Yinzhou District, Ningbo, Zhejiang, China (Mainland).

61.     Upon information and belief, Defendant Ningbo Brighter International Trade Co., Ltd. is a merchant on Alibaba.com, at https://brighter-branch.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 39 Xurong Road, Jiangdong District, Ningbo, Zhejiang, China (Mainland).

62.     Upon information and belief, Defendant Ningbo Conai International Trading Co., Ltd. is a merchant on Alibaba.com, at https://cnhousewares.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room 2201-1, Chengnan Business Tower A, Yinzhou District, Ningbo, Zhejiang, China (Mainland).

63.     Upon information and belief, Defendant Ningbo High Houseware Imp.&Exp. Co., Ltd. is a merchant on Alibaba.com, at https://highhouseware.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at      Room 13-10, Xincheng Mansion, No. 535, Qingshui Bridge Road, Hi-Tech Zone, Ningbo, Zhejiang, China (Mainland).

64.     Upon information and belief, Defendant Ningbo Limkong International Trade Co., Ltd. is a merchant on Alibaba.com, at https://limkong.en.alibaba.com, where it offers for sale

and/or sells Counterfeit Products and with a principal place of business located at No. 12, Lijia Road, Ximenwai, Longshan Town, Cixi, Ningbo, Zhejiang, China (Mainland).

65.     Upon information and belief, Defendant Ningbo Mateyness Household Co., Ltd. is a merchant on Alibaba.com, at https://mateyness.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 23 Lianzhong Road, Gaoqiao Town, Yinzhou, Ningbo, Zhejiang, China (Mainland).

66.     Upon information and belief, Defendant Ningbo Shenghui Plastic Technology Co., Ltd. is a merchant on Alibaba.com, at https://tech2005.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 510-516 Yaojiang Xindu, Jiangbei Area, Ningbo, Zhejiang, China (Mainland).

67.     Upon information and belief, Defendant Ningbo Tiannoy Imp. & Exp. Co., Ltd. is a merchant on Alibaba.com, at https://nbtiannoy.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Rm. 1401, No. 892, Baizhang East Road, Ningbo, Zhejiang, China (Mainland).

68.     Upon information and belief, Defendant Ningbo Xin Yuan Industry And Trade Co., Ltd. is a merchant on Alibaba.com, at https://sinwonbrands.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 155-1, Jingu North Road, Investment Innovation Center, Yinzhou District, Ningbo, Zhejiang, China (Mainland).

69.     Upon information and belief, Defendant Ningbo Yinzhou Ehang Household Products Co., Ltd. is a merchant on Alibaba.com, at https://e-hang.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 1503-1, No. 270, Xueshi Road, Shounan Street, Yinzhou District, Ningbo, Zhejiang, China (Mainland).

70.     Upon information and belief, Defendant Ningbo Yinzhou RSC Houseware Co., Ltd. is a merchant on Alibaba.com, at https://nbrsc.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 9-70, 128 Innovation Industrial Park, 818 Qiming Road, Yinzhou District, Ningbo, Zhejiang, China (Mainland).

71.     Upon information and belief, Defendant Ningbo Yisure Daily Products Co., Ltd. is a merchant on Alibaba.com, at https://nbyisure.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at      No.   218,   Cangchu Road, Jiangbei District, Ningbo, Zhejiang, China (Mainland).

72.     Upon information and belief, Defendant Ninghai Marsun International Trading Co., Ltd. is a merchant on Alibaba.com, at https://cnmarsun.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Rm. A10, 4F, Chuangye Mansion, No. 253, Meilin South Road, Ninghai County, Ningbo, Zhejiang, China (Mainland).

73.     Upon information and belief, Defendant Ninghai Shunda Rubber Co., Ltd. is a merchant on Alibaba.com, at https://nhsdxj.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Qingtan Village, Shenzhen Town, Ninghai County, Ningbo, Zhejiang, China (Mainland).

74.     Upon information and belief, Defendant NPC STORE is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/1553435, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Zhejiang, China.

75.     Upon information and belief, Defendant Panguoguo-Industrial (Shenzhen) Co., Ltd. is a merchant on Alibaba.com, at https://panguoguo-industrial.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 1309,

Area B, Floor 13, Yousong Science And Technology Building, Songhe Community, Longhua Street Office, Longhua District, Shenzhen, Guangdong, China (Mainland).

76.     Upon information and belief, Defendant Pingyang Songen Crafts Factory is a merchant on Alibaba.com, at https://cnsongen.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 16-3-201, Datangxia Zone 1, Yiwu, Jinhua, Zhejiang, China (Mainland).

77.     Upon information and belief, Defendant Professional Makeup Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3219108, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

78.     Upon information and belief, Defendant Quickdone Kitchenware Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3058032, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

79.     Upon information and belief, Defendant sankoteach is a merchant on Dhgate.com, at https://www.dhgate.com/store/21010733, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China (Mainland).

80.     Upon information and belief, Defendant santi is a merchant on Dhgate.com, at https://www.dhgate.com/store/santi, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China (Mainland).

81.     Upon information and belief, Defendant Shanghai Homepower Industries Co., Ltd. is a merchant on Alibaba.com, at https://homepower.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room 518, Floor 5, No. 349, Jiudu Rd., Shanghai, China (Mainland).

82.     Upon information and belief, Defendant Shanghai Robtol Tool Manufacturing Co., Ltd. is a merchant on Alibaba.com, at https://robtoltool.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 539, Huancheng North Road, Fengxian Dist., Shanghai, China (Mainland).

83.     Upon information and belief, Defendant shangpu Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/4379026, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China.

84.     Upon information and belief, Defendant Shenzhen Bothwinner Plastic Electronic Factory is a merchant on Alibaba.com, at https://bothwinner.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 25, Ping'an Road, Pinghu Town, Longgang, Shenzhen, Guangdong, China (Mainland).

85.     Upon information and belief, Defendant Shenzhen CS Industrial Technology Co., Ltd. is a merchant on Alibaba.com, at https://feiwoxiang.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Plant, No. 3, Qundai Road, Pingshan New District, Shenzhen, Guangdong, China (Mainland).

86.     Upon information and belief, Defendant Shenzhen Daywons Technology Co., Limited is a merchant on Alibaba.com, at https://daywons.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room 701, Building 6C, Zhongtiancaihongcheng North Area, Renmin 6th Rd., Danshui St., Huiyang Area, Huizhou, Guangdong, China (Mainland).

87.     Upon information and belief, Defendant Shenzhen Delambo Technology Co., Ltd. is a merchant on Alibaba.com, at https://delambo.en.alibaba.com/, where it offers for sale and/or

sells Counterfeit Products and with a principal place of business located at A505, No. 20, Jianghai Road, Beiyuan Subdistrict, Yiwu, Jinhua, Zhejiang, China (Mainland).

88.     Upon information and belief, Defendant Shenzhen Fengshengyuan Industry Co., Ltd. is a merchant on Alibaba.com, at https://szfsysy.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 8, Lane 3, Xinhe Road, Shangmugu Community, Pinghu Street, Longgang Dist., Shenzhen, Guangdong, China (Mainland).

89.     Upon information and belief, Defendant Shenzhen Huayuan Global Trade Co., Ltd. is a merchant on Alibaba.com, at https://wellwholesale.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at C802, Fenghuang Century, 168 Dayang Rd., Xintian Community, Fuhai Street, Baoan Dist., Shenzhen, Guangdong, China (Mainland).

90.     Upon information and belief, Defendant Shenzhen Keystar Industries Co., Ltd. is a merchant on Alibaba.com, at https://pcaccessorycn.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 922, Shanxia Building, Pinghu, Longgang Dist., Shenzhen, Guangdong, China (Mainland).

91.     Upon information and belief, Defendant Shenzhen Mozon Technology Co., Ltd. is a merchant on Alibaba.com, at https://mozon.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room 5-508, 33rd Building, Yangma Area, Bantian St., Longgang District, Shenzhen, Guangdong, China (Mainland).

92.     Upon information and belief, Defendant Shenzhen Rixinsheng Electronic Technology Co., Ltd. is a merchant on Alibaba.com, at https://rixinsheng.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at

No. 401, Yonghui Building, Changchun North Road, Gongming Subdistrict, Guangming Dist.,

Shenzhen, Guangdong, China (Mainland).

93.     Upon information and belief, Defendant Shenzhen Ruochu Gift Co., Ltd. is a

merchant on Alibaba.com, at https://ruochu.en.alibaba.com/, where it offers for sale and/or sells

Counterfeit Products and with a principal place of business located at Room 805, No. 2, 8th Lane,

Shangsha East Village, Shatou Street, Futian District, Shenzhen, Guangdong, China (Mainland).

94.     Upon information and belief, Defendant Shenzhen Sentexin Technology Limited is

a merchant on Alibaba.com, at https://holuby.en.alibaba.com/, where it offers for sale and/or sells

Counterfeit Products and with a principal place of business located at Rm. 203, Block B, No. 16,

Lixin Road, Longgang Dist., Shenzhen, Guangdong, China (Mainland).

95.     Upon information and belief, Defendant Shenzhen Wefocus Technology Co., Ltd.

is a merchant on Alibaba.com, at https://wefocustech.en.alibaba.com/, where it offers for sale

and/or sells Counterfeit Products and with a principal place of business located at 2306, Floor 23,

Bldg. 4b, Phase 1, Mingcui Park, Pinghu, Longgang, Shenzhen, Guangdong, China (Mainland).

96.     Upon information and belief, Defendant Shenzhen Wingene Electronic

Development Co., Ltd. is a merchant on Alibaba.com, at https://win-gene2.en.alibaba.com, where

it offers for sale and/or sells Counterfeit Products and with a principal place of business located at

Bldg. E, Shanghenglang Industrial Area, Huahui Road, Tongshen Community, Dalang St.,

Longhua New District, Shenzhen, Guangdong, China (Mainland).

97.     Upon information and belief, Defendant Shenzhen X-Rain Bridge Industrial Co.,

Ltd. is a merchant on Alibaba.com, at https://x-rainbridge.en.alibaba.com, where it offers for sale

and/or sells Counterfeit Products and with a principal place of business located at 3A52, Shenhai

Bldg., 36 Wanzhong City Shenghuo Village, Minzhi St., Honghua New Area, Shenzhen, Guangdong, China (Mainland).

98. Upon information and belief, Defendant Shenzhen Yaya Gifts Co., Ltd. is a merchant on Alibaba.com, at https://yayagifts.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 2, Lane 3, East Of Henglingtang, Pingshan Street, Pingshan New Dist., Shenzhen, Guangdong, China (Mainland).

99. Upon information and belief, Defendant Shenzhen Yongjia Meixin Technology Limited is a merchant on Alibaba.com, at https://smashingtech.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Rm. 506, Bldg. B, City Shanhai Center, Zhongxing Road, Bantian, Longgang Dist., Shenzhen, Guangdong, China (Mainland).

100. Upon information and belief, Defendant Shenzhen Zkaiy Silicone Rubber & Plastic Products Co., Ltd. is a merchant on Alibaba.com, at https://szzkaiy.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 2, 3rd Floor, Building E, West Pioneer Park, Shajing Street, Baoan District, Shenzhen, Guangdong, China (Mainland).

101. Upon information and belief, Defendant Shop3859034 Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3859034, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

102. Upon information and belief, Defendant Silicone Molds Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2997007, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

103.     Upon information and belief, Defendant sports_man is a merchant on Dhgate.com, at https://www.dhgate.com/store/20536621, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Zhejiang, China (Mainland).

104.     Upon information and belief, Defendant sunglory Official Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/105306, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Zhejiang, China (Mainland).

105.     Upon information and belief, Defendant SZ Huwang Technology Co., Limited is a merchant on Alibaba.com, at https://szhwgxj.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 1st Floor, Building E, Baolong Ind. Zone, Dalang Sub-District, Longhua New District, Shenzhen, Guangdong, China (Mainland).

106.     Upon information and belief, Defendant Taizhou Zunchi Mold Plastic Co., Ltd. is a merchant on Alibaba.com, at https://tzzunchi.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 85, Guangshun St., Xinqian St., Huangyan Area, Taizhou, Zhejiang, China (Mainland).

107.     Upon information and belief, Defendant threebirdgroup is a merchant on Dhgate.com, at https://www.dhgate.com/store/20081588, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China (Mainland).

108.     Upon information and belief, Defendant To your favorite is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/1954268, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

109.    Upon information and belief, Defendant TopFar Home Supplies Co.,Ltd. is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/1956509, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Zhejiang, China.

110.    Upon information and belief, Defendant Transhome & Kitchen Tools Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/1709260, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

111.    Upon information and belief, Defendant Wanting Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2904035, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

112.    Upon information and belief, Defendant Warm Hut Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2942024, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

113.    Upon information and belief, Defendant welford Official Store is a merchant on Aliexpress.com,  at  https://chinabottle.aliexpress.com/store/2139236, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Zhejiang, China.

114.    Upon information and belief, Defendant Wenzhou Samanl Houseware Co., Ltd. is a merchant on Alibaba.com, at https://samanl.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 1/F, Bldg. A, Blue Ocean Electronic Commerce Park, Gechao Road, Yuechao Village, Aojiang Town, Pingyang County, Wenzhou, Zhejiang, China (Mainland).

115.    Upon information and belief, Defendant Wenzhou Sili Electronic Technology Co., Ltd. is a merchant on Alibaba.com, at https://silielectronics.en.alibaba.com, where it offers for sale

and/or sells Counterfeit Products and with a principal place of business located at Room 401, Building 7, Wanyang Zhongchuang Zone, No. 8, Yangyu Road, Binhai New Zone, Pingyang County, Wenzhou, Zhejiang, China (Mainland).

116.    Upon information and belief, Defendant Wenzhou Xiwo International Trading Co., Ltd. is a merchant on Alibaba.com, at https://wzxiwo.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Qiandang Village, Kunyang Town, Pingyang County, Wenzhou, Zhejiang, China (Mainland).

117.    Upon information and belief, Defendant WFGOGO Official Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2286009/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

118.    Upon information and belief, Defendant Worldwide Dropshipping Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3204074, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

119.    Upon information and belief, Defendant Xiamen Capricorn Trading Co., Ltd. is a merchant on Alibaba.com, at https://xmcapricorn.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Rm. 206, No. 11, Suncuo Lean Xili, Xiamen, Fujian, China (Mainland).

120.    Upon information and belief, Defendant Xiamen Guzhan Industry & Trade Co., Ltd. is a merchant on Alibaba.com, at https://xmguzhan.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 502, Jinyuan West Second Road, Jimei Dist., Xiamen, Fujian, China (Mainland).

121.    Upon information and belief, Defendant Xiamen Honor Gifts Co., Ltd. is a merchant on Alibaba.com, at https://honor-gifts.en.alibaba.com, where it offers for sale and/or

sells Counterfeit Products and with a principal place of business located at Unit 705, Bldg. C, Datang YOHO, Mucuo 1st Road, Huli Dist., Xiamen, Fujian, China (Mainland).

122.    Upon information and belief, Defendant Xiamen Xing Ke Tai Electronics Co., Ltd. is a merchant on Alibaba.com, at https://xingketai.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Floor 1, Plant A, No. 32, Xingbei 2nd Road, Jimei Dist., Xiamen, Fujian, China (Mainland).

123.    Upon information and belief, Defendant xieruifang is a merchant on Dhgate.com, at https://www.dhgate.com/store/20491853, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Shanghai, China (Mainland).

124.    Upon information and belief, Defendant Yangjiang Himi Houseware Co., Ltd. is a merchant on Alibaba.com, at https://cnhimi.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. A08, Longtaoyanzigang Industrial Zone, Jiangcheng District, Yangjiang, Guangdong, China (Mainland).

125.    Upon information and belief, Defendant YIBER Official Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/605740, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China.

126.    Upon information and belief, Defendant Yiwu Aliyou Commodity Ltd. is a merchant on Alibaba.com, at https://youmall.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Rm. 302, Unit 5, Bldg. 20, Huangyangmei 1st Zone, Beiyuan Subdistrict, Yiwu, Jinhua, Zhejiang, China (Mainland).

127.    Upon information and belief, Defendant Yiwu Chanse Trading Co., Ltd. is a merchant on Alibaba.com, at https://chanse.en.alibaba.com, where it offers for sale and/or sells

Counterfeit Products and with a principal place of business located at Unit 2, Building 5, Area A, Nanxiazhu, Yiwu, Jinhua, Zhejiang, China (Mainland).

128.    Upon information and belief, Defendant Yiwu Feisheep Import & Export Co., Ltd. is a merchant on Alibaba.com, at https://feisheep.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room 401, Unit 7, Building 30, Liuqing 9th District, Beiyuan, Jinhua, Zhejiang, China (Mainland).

129.    Upon information and belief, Defendant Yiwu Huixuan Home Furnishings Co., Ltd. is a merchant on Alibaba.com, at https://huixuan.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 18th Building, Sunshine Community, Yiwu, Jinhua, Zhejiang, China (Mainland).

130.    Upon information and belief, Defendant Yiwu Jiashi Electronic Co., Ltd. is a merchant on Alibaba.com, at https://ywjiashi.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. B23, Yongjin Avenue, Yiwu, Jinhua, Zhejiang, China (Mainland).

131.    Upon information and belief, Defendant Yiwu Jiashi Electronic Co., Ltd. is a merchant on Alibaba.com, at https://ywjiashi.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. B23, Yongjin Avenue, Yiwu, Jinhua, Zhejiang, China (Mainland).

132.    Upon information and belief, Defendant Yiwu Jielai Trading Co., Ltd. is a merchant on Alibaba.com, at https://jielaitrading.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Unit 2, Bldg. 62, Chunhan Zone 2, Yiwu, Zhejiang, China (Mainland).

133.    Upon information and belief, Defendant Yiwu Lanhome Jewelry Co., Ltd. is a merchant on Alibaba.com, at https://lanhome.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 4th Floor, Unit 1, Building 101, Siji 6th Zone, Beiyuan Street, Jinhua, Zhejiang, China (Mainland).

134.    Upon information and belief, Defendant Yiwu Mosul Trends Trading Firm is a merchant on Alibaba.com, at https://mosultrends.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

135.    Upon information and belief, Defendant Yiwu Rewood Household Articles Co., Ltd. is a merchant on Alibaba.com, at https://rewood.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 201, Unit 2, Bldg. A, Binnan Jiayuan, No. 558, Binwang Road, Jinhua, Zhejiang, China (Mainland).

136.    Upon information and belief, Defendant Yiwu Xinran Commodity Factory is a merchant on Alibaba.com, at https://xinranchina.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

137.    Upon information and belief, Defendant Yiwu Zihan Import And Export Co., Ltd. is a merchant on Alibaba.com, at https://zjzihan.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room 303, Unit 3, No. 65 Bldg., Yinhai 2 Area, Yiwu, Zhejiang, China (Mainland).

138.    Upon information and belief, Defendant yomgo is a merchant on Dhgate.com, at https://www.dhgate.com/store/20971857/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Shandong, China (Mainland).

139.    Upon information and belief, Defendant youe shone Kitchen Global Store is a merchant                          on                          Aliexpress.com,                          at

https://youeshonekitchendiningbar.aliexpress.com/store/1971392, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

140.    Upon information and belief, Defendant Zhejiang Zhongxun Clothing Co., Ltd. is a merchant on Aliexpress.com, at https://zjzxfz.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 15, Zhupeng, Hushan Subdistrict, Jiangshan, Quzhou, Zhejiang, China (Mainland).

## GENERAL ALLEGATIONS

### Plaintiff and Its Egglettes Product

141.    Plaintiff is a leading developer, producer, marketer, and distributor of quality, innovative consumer products.  Plaintiff promotes and sells its products through national direct response television advertising commonly called "As Seen On TV" ("ASOTV").  Plaintiff also promotes and sells its ASOTV products at the retail level at well-known mass retail outlets, including, without limitation: Wal-Mart, Target Stores, Bed Bath & Beyond, Toys R Us, Rite-Aid, CVS and Walgreens; through catalog companies; online, through its own website and its retail customers' websites; as well as through a network of international distributors, among other channels of trade.

142.    Plaintiff is among the most well-known, well-respected sources of many of the most popular and most successful ASOTV products sold in the U.S.

143.    One of Ideavillage's newest, most popular and successful products is a set of non-stick silicone pods that are designed to cook and make perfect hard-boiled eggs and omelets, which are marketed and sold under the distinctive EGGLETTES trademark ("Egglettes Product(s)").

144.    The Egglettes Product has achieved great success its initial introduction.

145.     While Ideavillage has gained significant common law trademark and other rights in its Egglettes Product, through use, advertising, and promotion, Ideavillage has also protected its valuable rights by filing for and obtaining a federal trademark registration.

146.     Ideavillage is the owner of U.S. Trademark Registration No. 5,500,970 for the wordmark "EGGLETTES" for goods in Class 21 ("Egglettes Mark").  A true and correct copy of the registration for the Egglettes Mark is attached hereto as **Exhibit A** and incorporated herein by reference.

147.     The Egglettes Mark is currently in use in commerce in connection with the Egglettes Product.  The Egglettes Mark was first used in commerce on or before the date of first use as reflected in the registration certificate attached hereto as Exhibit A.

148.     In addition, Plaintiff is also the owner of both registered and unregistered copyrights in and related to the Egglettes Product.

149.     Ideavillage is the owner of U.S. Copyright Reg. PA 2-106-754, covering the Egglettes Commercial and U.S. Copyright Reg. VA 2-094-787, covering the Egglettes Packaging Instructions and Recipe Book (collectively, the "Egglettes Works").  True and correct copies of the U.S. Copyright registration certificates for the Egglettes Works are attached hereto as **Exhibit B** and incorporated herein by reference.

150.     In addition to the channels described above, Ideavillage also markets the Egglettes Product through its website specific to the Egglettes Product, available at https://www.getegglettes.com ("Egglettes Website").

151.     The Egglettes Product typically retails for $14.99.

152.     Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its Egglettes Product, Egglettes Mark and Egglettes Works.

153.     The success of the Egglettes Product is due in part to Plaintiff's marketing and promotional efforts.   These efforts include advertising and promotion through television, the Egglettes Website, retailer websites and other internet-based advertising, print, participation in trade shows, among other efforts domestically and abroad.

154.     Plaintiff's success is also due to its use of the highest quality materials and processes in making the Egglettes Product.

155.     Additionally, Plaintiff owes a substantial amount of the success of the Egglettes Product to its consumers, and word of mouth buzz that its consumers have generated.

156.     As a result of Plaintiff's efforts, the quality of Plaintiff's products, and the word-of-mouth buzz generated by its consumers, the Egglettes Mark, Egglettes Works and Egglettes Product have become prominently placed in the minds of the public.   Members of the public have become familiar with Plaintiff's Egglettes Mark, Egglettes Works and Egglettes Product, and have come to associate them exclusively with Plaintiff.   Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association.

157.     Plaintiff has gone through great lengths to protect its interests to the Egglettes Product, Egglettes Mark and Egglettes Works.   No one other than Plaintiff is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Egglettes Mark or Egglettes Works without the express permission of Plaintiff.

**The Online Marketplace Platforms and Defendants' User Accounts**

158.     Alibaba.com, AliExpress.com and DHgate.com are online marketplace and e-commerce platforms which allow manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their wholesale and retail products originating from China directly to consumers worldwide and specifically to consumers residing in the U.S., including New York.

159.     As some of the leaders of China's e-commerce and digital retail market, Alibaba.com, AliExpress.com and DHgate.com have generated hundreds of billions in sales worldwide.[1]  International markets, including the U.S., make up a significant percentage of sales made on Alibaba.com, AliExpress.com and DHgate.com.  For example, in 2016, revenue from international retail sales grew by 25% on AliExpress.com to $342 million and 15% on Alibaba.com to $841 million.[2]  The press reported that the growth in sales on AliExpress.com resulted from an increase in the number of buyers, particularly from the U.S., as well as other large countries like Russia and Brazil.[3]  Additionally, according to *Business Insider*, excluding China, the U.S. was among the top five countries with packages coming from Alibaba's marketplaces on the company's "Singles' Day" (often compared to the U.S.'s Cyber Monday) in 2015, which resulted in over $14 billion in sales in one day.[4]  Further, DHgate.com offers 25 million consumer

---

[1] *See* Kenneth Rapoza, *Jack Ma's Alibaba Promises Huge Sales Boom, $910 Billion In Merchandise Volume By 2020*, FORBES (Jun. 15, 2016), http://www.forbes.com/sites/kenrapoza/2016/06/15/jack-ma-foretells-huge-sales-boom-for-chinese-e-commerce-giant-alibaba/#78d364486b52.

[2] *See* Frank Tong, *Alibaba's annual web sales easily surpass U.S. e-retail sales*, DIGITALCOMMERCE360.COM (May 5, 2016), https://www.internetretailer.com/2016/05/05/alibabas-annual-web-sales-easily-surpass-us-e-retail-sales.

[3] *See* Frank Tong, *An Alibaba site sells $4.5 billion in one year to consumers outside of China*, DIGITALCOMMERCE360.COM (Sept. 11, 2014), https://www.internetretailer.com/2014/09/11/alibaba-site-sells-45-billion-one-year-consumers-outs.

[4] *See* Bob Bryan, *Alibaba just proved it's more than just some Chinese company*, BUSINESS INSIDER (Nov. 15, 2015), http://www.businessinsider.com/alibaba-international-expansion-2015-11.

products from 1.2 million suppliers for sale on their platform and attributes over half of their sales to U.S. buyers alone.[5]

160.     As recently addressed in the *Wall Street Journal*, *Fortune* and the *New York Times*,[6] and as reflected in the federal lawsuits filed against sellers offering for sale and selling infringing and/or counterfeit products on Alibaba.com, AliExpress.com and DHgate.com,[7] an astronomical number of counterfeit and infringing products are offered for sale and sold on Alibaba.com, AliExpress.com and DHgate.com, as well as other online marketplace platforms, at a rampant rate.

161.     Defendants are individuals and/or businesses, who, upon information and belief, are located in China but conduct business in the U.S. and other countries by means of their User Accounts and on their Merchant Storefronts on Alibaba.com, AliExpress.com and DHgate.com, as well as potentially yet undiscovered additional online marketplace platforms.

162.     Through their Merchant Storefronts, Defendants offer for sale and/or sell consumer products, including Counterfeit Products, and target and ship such products to customers located in the U.S., including New York, and throughout the world.

---

[5] *See* Nona Tepper, *U.S. buyers account for half the sales on Hong Kong-based wholesale site DHgate.com*, DIGITALCOMMERCE360, (Jun. 22, 2015), https://www.internetretailer.com/2015/06/22/us-buyers-account-half-sales-dhgatecom.

[6] *See* Kathy Chu, *Alibaba Vows Crackdown on Fakes Amid Trade Group Controversy*, WALL STREET JOURNAL (May 13, 2016), http://www.wsj.com/articles/alibaba-vows-crackdown-on-fakes-amid-trade-group-controversy-1463127605?; Scott Cendrowski, *Chinese Regulator Again Calls Out Alibaba for Counterfeit Goods*, FORTUNE (Aug. 10, 2016), http://fortune.com/2016/08/11/alibaba-counterfeit-goods-regulator/; *see also* Kathy Chu, *Alibaba Suspends From Anticounterfeiting Group*, WALL STREET JOURNAL (May 13, 2016), http://www.wsj.com/articles/alibaba-suspended-from-anticounterfeiting-group-1463170527?tesla=y; Michael Schuman, *A Small Table Maker Takes On Alibaba's Flood of Fakes*, N.Y. TIMES (Mar. 18, 2017), https://www.nytimes.com/2017/03/18/business/alibaba-fake-merchandise-e-commerce.html.

[7] *See* Kathy Chu, *Luxury brands get tougher with counterfeiters – and Alibaba*, MARKETWATCH (Aug. 16, 2016), http://www.marketwatch.com/story/luxury-brands-get-tough-with-counterfeiters-2016-08-16-91031611; Gilian Wong, *Alibaba Sued Over Alleged Counterfeits*, WALL STREET JOURNAL (May 17, 2015), http://www.wsj.com/articles/alibaba-sued-over-alleged-counterfeits-1431877734; Scott Cendrowski, *There's no end in sight for Alibaba's counterfeit problem*, FORTUNE (May 18, 2015), http://fortune.com/2015/05/18/theres-no-end-in-sight-for-alibabas-counterfeit-problem/.

## Defendants' Wrongful and Infringing Conduct

163.     Particularly in light of Plaintiff's success with its popular Egglettes Product, as well as the reputation they have gained, Plaintiff and its Egglettes Product have become targets for unscrupulous individuals and entities who wish to take capitalize on the goodwill, reputation and fame Plaintiff has amassed in its Egglettes Product, Egglettes Mark and the works embodied in the Egglettes Works, and Plaintiff investigates and enforces against such activities.

164.     As part of these efforts, Plaintiff retained New Alchemy Limited ("NAL"), a company that provides trademark infringement research services, to investigate and research manufacturers, wholesalers, retailers and/or third-party merchants offering for sale and/or selling Counterfeit Products on online marketplace platforms such as Alibaba.com, Aliexpress.com and DHgate.com.

165.     Through NAL's investigative and enforcement efforts, Plaintiff learned of Defendants' actions which vary and include, but are not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling products bearing or used in connection with the Egglettes Mark and/or Egglettes Works, and/or products in packaging and/or containing labels bearing the Egglettes Mark and/or Egglettes Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Egglettes Mark and/or Egglettes Works and/or products that are identical or confusingly or substantially similar to the Egglettes Product (collectively referred to as, "Infringing Product(s)" or "Counterfeit Product(s)") to U.S. consumers, including those located in the state of New York, through Defendants' User Accounts and Merchant Storefronts.  Printouts of listings for Counterfeit Products from Defendants' User Accounts and Merchant Storefronts are included in **Exhibit C** attached hereto and incorporated herein by reference**.**

166.     Defendants are not and have never been, authorized by Plaintiff or any of its authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale or sell any of the Egglettes Product or to use the Egglettes Mark and Egglettes Works, or any marks or artwork that are confusingly or substantially similar to the Egglettes Mark or Egglettes Works.

167.     Defendants' Counterfeit Products are nearly indistinguishable from Plaintiff's Egglettes Product with only minor variations that no ordinary consumer would recognize.

168.     During its investigation, NAL identified Defendants as offering for sale and/or selling Counterfeit Products and contacted Defendants through their respective User Accounts expressing interest in placing a bulk order for Counterfeit Products and inquiring about methods of payment.  NAL also often requested the respective Defendant's e-mail addresses.  Printouts of NAL's conversations with each of the Defendants are included in **Exhibit C** attached hereto and incorporated herein by reference**.**

169.     During its communications with Defendants, NAL specified a shipping address located in New York (the "New York Address") and verified that each Defendant provides shipping to the New York Address.  Printouts of the checkout pages, order forms and/or pro forma invoices for the Counterfeit Products reflecting that Defendants agreed to ship Counterfeit Products to the New York Address are included in **Exhibit C** attached hereto and incorporated herein by reference**.**

170.     NAL confirmed that each Defendant was and/or is still currently offering for sale and/or selling Counterfeit Products through their respective User Accounts and/or Merchant Storefronts, accepting payment for such Counterfeit Products in U.S. Dollars through various payment processing services and that each Defendant provides shipping and/or has actually shipped Counterfeit Products to the U.S., including to customers located in New York.  NAL's

findings are supported by Defendants' listings for Counterfeit Products, their communications with NAL and/or the checkout pages, order forms and/or pro forma invoices for the Counterfeit Products which are included in **Exhibit C** attached hereto and incorporated herein by reference.

171.     For example, below on the left is an image of Plaintiff's Egglettes Product. Depicted below on the right is a listing for Defendant A Life Store's Counterfeit Product ("A Life Store Infringing Listing" and "A Life Store Counterfeit Product," respectively).   A Life Store Infringing Listing appears on Defendant A Life Store's Merchant Storefront, https://www. aliexpress.com/store/3205018, and offers the A Life Store Counterfeit Product for $7.99 per piece, using, featuring and/or incorporating one or more of the Egglettes Mark, the Egglettes Works, and/or confusingly or substantially similar marks or artwork in the listing title "**Egglettes** Egg Cooker Hard Boiled Eggs without the Shell For Egg Tools Pack of 6pcs" (emphasis added) and in the descriptions and/or product images in the body of the listing.   Further, the A Life Store Counterfeit Product is virtually identical to the Egglettes Product and features and/or incorporates one or more of the Egglettes Works and Egglettes Mark.   There is no question that the A Life Store Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing Plaintiff's Egglettes Product or that the A Life Store Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading off of the goodwill and reputation of Plaintiff by engaging in the unauthorized use of the Egglettes Works and Egglettes Marks:

**Egglettes Product**                    **A Life Store Counterfeit Product**

   

172.    NAL has confirmed that Defendant A Life Store offers shipping to the U.S., and a screenshot from the A Life Store Infringing Listing, depicted below, confirms that Defendant A Life Store has sold products to the U.S.:



173.    By way of an additional example, below on the left is an image of Plaintiff's Egglettes Product.  Depicted below on the right is a listing for Defendant To your favorite's Counterfeit Product ("To your favorite Infringing Listing" and "To your favorite Counterfeit Product," respectively).  To your favorite Infringing Listing appears on Defendant To your favorite's Merchant Storefront, https://www.aliexpress.com/store/1954268, and offers the To your favorite Counterfeit Product for $5.61 per piece, using, featuring and/or incorporating one or more

of the Egglettes Mark, the Egglettes Works, and/or confusingly or substantially similar marks or artwork in the listing title "cozinha criativa 6 Pcs Silicone **Egglettes** Egg Cooker Hard Boiled Eggs without the Shell For Egg Tools Pack" (emphasis added) and in the descriptions and/or product images in the body of the listing.  Further, the To your favorite Counterfeit Product is virtually identical to the Egglettes Product and features and/or incorporates one or more of the Egglettes Works and Egglettes Mark.  There is no question that the To your favorite Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing Plaintiff's Egglettes Product or that the To your favorite Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading off of the goodwill and reputation of Plaintiff by engaging in the unauthorized use of the Egglettes Works and Egglettes Mark:

| <u>**Egglettes Product**</u> | <u>**To your favorite Counterfeit Product**</u> |



174.     NAL has confirmed that Defendant To your favorite offers shipping to New York, and a screenshot from the To your favorite Infringing Listing, depicted below, confirms that Defendant To your favorite has sold products to the U.S.:

175.     By these dealings in Counterfeit Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Counterfeit Products), Defendants have violated Plaintiff's exclusive rights in the Egglettes Mark and Egglettes Works, and have used marks, images and artwork that are confusingly and/or substantially similar to, identical to and/or constitute counterfeiting of the Egglettes Mark and Egglettes Works in order to confuse consumers into believing that such Counterfeit Products are Plaintiff's Egglettes Product and aid in the promotion and sales of their Counterfeit Products.   Defendants' conduct began long after Plaintiff's adoption and use of the Egglettes Mark and Egglettes Works, after Plaintiff obtained the federal registrations in the Egglettes Mark and Egglettes Works, as alleged above, and after Plaintiff's Egglettes Product, Egglettes Mark and Egglettes Works became well-known to the purchasing public.

176.     Prior to and contemporaneous with their counterfeiting and infringing actions alleged herein, Defendants had knowledge of Plaintiff's ownership of the Egglettes Mark and Egglettes Works, of the fame and incalculable goodwill associated therewith and of the popularity and success of the Egglettes Product, and in bad faith adopted the Egglettes Mark and Egglettes Works.

177.     Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful

blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff, the Egglettes Mark, Egglettes Works and Egglettes Product.

178.      Defendants' dealings in Counterfeit Products, as alleged herein, has caused, and will continue to cause, confusion, mistake, economic loss and has, and will continue to deceive consumers, the public and the trade with respect to the source or origin of Defendants' Counterfeit Products, thereby causing consumers to erroneously believe that such Counterfeit Products are licensed by or otherwise associated with Plaintiff, thereby damaging Plaintiff.

179.      In engaging in these actions, Defendants have, jointly and severally, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: infringed and counterfeited the Egglettes Mark; infringed the Egglettes Works, committed unfair competition and unfairly and unjustly profited from such activities at Plaintiff's expense.

180.      Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Trademark Counterfeiting Under Sections 32, 34 and 35 of the Lanham Act,
15 U.S.C. §§ 1114(1)(b), 1116(d) and 1117(b)-(c)))**

181.      Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

182.      Plaintiff is the owner of all right and title to the Egglettes Mark.

183.      Plaintiff has continuously used the Egglettes Mark in interstate commerce since on or before the date of first use as reflected in the registration attached hereto as **Exhibit A**.

184.      Without Plaintiff's authorization or consent, with knowledge of Plaintiff's well-known and prior rights in the Egglettes Mark and with knowledge that Defendants' Counterfeit

Products bear counterfeit marks, Defendants intentionally reproduced, copied and/or colorably imitated the Egglettes Mark and/or used spurious designations that are identical with, or substantially indistinguishable, from the Egglettes Mark on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

185.    Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold their Counterfeit Products to the purchasing public in direct competition with Plaintiff, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the Egglettes Mark, through their participation in such activities

186.    Defendants have applied their reproductions, counterfeits, copies and colorable imitations of the Egglettes Mark to packaging, point-of-purchase materials, promotions and/or advertisements intended to be used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with or are otherwise authorized by Plaintiff, thereby making substantial profits and gains to which they are not entitled in law or equity.

187.    Defendants' unauthorized use of the Egglettes Mark on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or

licensed by Plaintiff or its authorized agents and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the Egglettes Mark.

188.     Defendants' actions constitute willful counterfeiting of the Egglettes Mark in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c).

189.     As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to Plaintiff, its business, its reputation and its valuable rights in and to the Egglettes Mark and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and its valuable Egglettes Mark.

190.     Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale or distributed and reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### (Infringement of Registered Trademark)
### [115 U.S.C. § 1114/Lanham Act § 32(a)]

191.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

192.     Plaintiff has continuously used the Egglettes Mark in interstate commerce since on or before the date of first use as reflected in the registration certificate attached hereto as **Exhibit A**.

193.     Plaintiff, as the owner of all right, title and interest in and to Egglettes Mark, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

194.     Defendants were, at the time they engaged in their actions as alleged herein, actually aware that Plaintiff is the owner of the federal trademark registration for the Egglettes Mark.

195.     Defendants did not seek, and therefore necessarily failed, to obtain consent or authorization from Plaintiff, as the registered trademark owner of the Egglettes Mark, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale and/or sell Egglettes Product and/or related products bearing the Egglettes Mark into the stream of commerce.

196.     Defendants knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Counterfeit Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the Egglettes Mark and/or which are identical or confusingly similar to the Egglettes Mark

197.     Defendants knowingly and intentionally reproduced, copied and colorably imitated the Egglettes Mark and applied such reproductions, copies, or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Defendants' Counterfeit Products.

198.     Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that Plaintiff is the owner of all rights in and to the Egglettes Mark.

199.     Defendants' egregious and intentional use of the Egglettes Mark in commerce on or in connection with Defendants' Counterfeit Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Counterfeit Products, and is likely to deceive the public into believing that Defendants' Counterfeit Products are Plaintiff's Egglettes Product or are otherwise associated with, or authorized by Plaintiff.

200.     Defendants' actions have been deliberate and committed with knowledge of Plaintiff's rights and goodwill in the Egglettes Mark, as well as with bad faith and the intent to cause confusion, mistake and deception.

201.     Defendants' continued, knowing and intentional use of the Egglettes Mark without Plaintiff's consent or authorization constitutes intentional infringement of the federally registered Egglettes Mark in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

202.     As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the Egglettes Mark and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and its valuable Egglettes Mark.

203.     Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117 and 1118 and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
**(False Designation of Origin, Passing Off & Unfair Competition)**
**[15 U.S.C. § 1125(a)/Lanham Act § 43(a)]**

204.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

205.     Plaintiff, as the owner of all right, title and interest in and to the Egglettes Mark, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

206.     The Egglettes Mark is inherently distinctive and/or has acquired distinctiveness.

207.     Defendants knowingly and willfully used in commerce products and/or packaging designs that are identical or confusingly or substantially similar to, and constitute reproductions of the Egglettes Mark and Egglettes Works and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products, with the intent to cause confusion, cause mistake and deceive the purchasing public into believing, in error, that Defendants' substandard Counterfeit Products are part of the Egglettes Product or related products, and/or that Defendants' Counterfeit Products are authorized, sponsored, approved, endorsed or licensed by Plaintiff and/or that Defendants are affiliated, connected or associated with Plaintiff,

thereby creating a likelihood of confusion by consumers as to the source of such Counterfeit Products, and allowing Defendants to capitalize on the goodwill associated with, and the consumer recognition of the Egglettes Mark and Egglettes Works, to Defendants' substantial profit in blatant disregard of Plaintiff's rights.

208.    By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products that are identical to, confusingly or substantially similar to or which constitute colorable imitations of Plaintiff's Egglettes Product using marks and/or artwork that are identical and/or confusingly or substantially similar to, or which constitute colorable imitations of the Egglettes Mark and Egglettes Works, Defendants have traded off the extensive goodwill of Plaintiff and its Egglettes Product and did in fact induce, and intends to, and will continue to induce customers to purchase Defendants' Counterfeit Products, thereby directly and unfairly competing with Plaintiff. Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff and the Egglettes Mark, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

209.    Defendants knew, or by the exercise of reasonable care, should have known, that their adoption and commencement of, and continuing use in commerce of marks and artwork that are identical or confusingly or substantially similar to and constitute reproductions of the Egglettes Mark and Egglettes Works would cause confusion, mistake or deception among purchasers, users and the public.

210.    Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to

deceive the purchasing public and with the intent to trade on the goodwill and reputation of Plaintiff, its Egglettes Product, Egglettes Mark and Egglettes Works.

211.    As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to Plaintiff by depriving Plaintiff of sales of its Egglettes Product and by depriving Plaintiff of the value of the Egglettes Mark and Egglettes Works as commercial assets in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to Plaintiff and the goodwill and reputation associated with the value of the Egglettes Mark and Egglettes Works.

212.    Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiff has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**(Federal Copyright Infringement)**
**[17 U.S.C. § 501(a)]**

213.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

214.    Plaintiff is the exclusive owner of the Egglettes Works.

215.    Defendants had actual notice of Plaintiff's exclusive rights in and to the Egglettes Works.

216.    Defendants did not attempt and therefore inherently failed to obtain Plaintiff's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works

of, distribute, sell, transfer, rent, perform and/or market Plaintiff's Egglettes Product and/or Egglettes Works.

217.    Without permission, Defendants knowingly and intentionally reproduced, copied, and displayed the Egglettes Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products which bear such Egglettes Works, or artwork that is, at a minimum, substantially similar to the Egglettes Works.

218.    Defendants' unlawful and willful actions as alleged herein constitute infringement of the Egglettes Works, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such Egglettes Works in violation of 17 U.S.C. § 501(a).

219.    Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiff in an amount as yet unknown but to be proven at trial, for which Plaintiff has no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to Plaintiff.

Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, Plaintiff's actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**(Violation of Deceptive Acts and Practices Unlawful)**
**[N.Y. Gen. Bus. Law § 349]**

220.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

221.     Through Defendants' unlawful, unauthorized and unlicensed use of the Egglettes Works and/or Egglettes Mark on or in connection with the manufacturing, importing, exporting,

advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products which are identical and/or confusingly or substantially similar to Plaintiff's Egglettes Product, Defendants have engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

222.     Defendants' aforementioned conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce.  Such conduct has deceived and materially misleads, or has a tendency to deceive and materially mislead, the consuming public and has injured, and will continue to injure Plaintiff's business, reputation and goodwill in violation of N.Y. Gen, Bus. Law §§ 349.

223.     As a result of Defendants' actions alleged herein, Plaintiff has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

224.     Pursuant to N.Y. Gen. Bus. Law § 349(h), Plaintiff is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

### SIXTH CAUSE OF ACTION
### (False Advertising Unlawful)
### [N.Y. Gen. Bus. Law § 350]

225.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

226.     Without the authorization of Plaintiff, Defendants have used the Egglettes Mark and/or Egglettes Works and/or marks and/or artwork and/or packaging designs that are identical and/or confusingly or substantially similar to the Egglettes Mark and/or Egglettes Works in connection with the advertising, marketing, promoting, distributing, displaying, offering for sale,

selling and/or otherwise dealing in the Counterfeit Products, which are identical and/or confusingly or substantially similar to Plaintiff's Egglettes Product, causing confusion, mistake and deceiving consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit Products.

227.     Defendants' aforementioned willful and intentional conduct constitutes false advertising in the conduct of any business, trade or commerce and has injured, and will continue to injure Plaintiff's business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 350.

228.     As a result of Defendants' actions alleged herein, Plaintiff has suffered and will continue to suffer irreparable harm for which they have no adequate remedy at law.

229.     Pursuant to N.Y. Gen. Bus. Law. § 350(e), Plaintiff is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (Unfair Competition)
### [New York Common Law]

230.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

231.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products, Defendants have traded off the extensive goodwill of Plaintiff and its Egglettes Product to induce and did induce, and intend and will continue to induce customers to purchase their Counterfeit Products, thereby directly competing with Plaintiff. Such conduct has permitted, and will continue to permit Defendants to make substantial sales and profits based on the goodwill and

reputation of Plaintiff, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

232.    Defendants' advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products was and is in violation and derogation of Plaintiff's rights and is likely to cause confusion, cause mistake and to deceive consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit Products.

233.    Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products and their continuing advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products would cause confusion, cause mistake or deceive purchasers, users and the public.

234.    Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive, in blatant disregard of Plaintiff's rights, and for the wrongful purpose of injuring Plaintiff and its competitive position while benefiting Defendants.

235.    As a direct and proximate result of Defendants' aforementioned wrongful actions, Plaintiff has been, and will continue to be, deprived of substantial sales of its Egglettes Product in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law, and Plaintiff has been, and will continue to be, deprived of the value of the Egglettes Mark and Egglettes Works as commercial assets, in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law.

236.     As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from their infringing activities and exemplary or punitive damages for Defendants' intentional misconduct.

## EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)
### [New York Common Law]

237.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

238.     By virtue of the egregious and illegal acts of Defendants as described herein, Defendants have been unjustly enriched in an amount to be proven at trial.

239.     Defendants' retention of monies gained through its deceptive business practices, infringement, acts of deceit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, inclusive, and each of them, as follows:

A.     For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a)(3) and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B.     In the alternative to Defendants' profits and Plaintiff's actual damages, enhanced

discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c)  in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale or distributed, as the Court considers just, which Plaintiff may elect prior to the rendering of final judgment;

C.      For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for willful trademark infringement of its federally registered Egglettes Mark, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

D.      For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.      For an award of Plaintiff's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of the Egglettes Works under 17 U.S.C. § 501(a);

F.      In the alternative to Plaintiff's actual damages and Defendants' profits for copyright infringement of the Egglettes Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which Plaintiff may elect prior to the rendering of final judgment;

G.      For an award of damages in an amount to be proven at trial for deceptive acts and practices unlawful pursuant to N.Y. Gen. Bus. Law § 349(h);

H.      For an award of damages to be proven at trial for false advertising pursuant to N.Y.

Gen. Bus. Law § 350(e);

I.      For an award of damages to be proven at trial for common law unfair competition;

J.      For an award of damages in an amount to be proven at trial for unjust enrichment;

K.      For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

   i.   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing and/or Counterfeit Products;

   ii.  directly or indirectly infringing in any manner any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Egglettes Mark and Egglettes Works;

   iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Egglettes Mark and Egglettes Works to identify any goods or services not authorized by Plaintiff;

   iv.  using any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Egglettes Mark and Egglettes Works, or any other marks or artwork that are confusingly or substantially similar to the Egglettes Mark or Egglettes

Works on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by Plaintiff;

vi. engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the advertising and/or dealing in any Counterfeit Products;

vii. engaging in any other actions that constitute unfair competition with Plaintiff;

viii. engaging in any other act in derogation of Plaintiff's rights;

ix. secreting, destroying, altering, removing or otherwise dealing with the Counterfeit Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or

otherwise dealing in the Counterfeit Products;

    x.  from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' User Accounts or Merchant Storefronts, any money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) ("Defendants' Assets") from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefronts (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

   xi.  from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

  xii.  effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action;

 xiii.  providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

xiv.   instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (xiii) above;

L.      For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to Plaintiff for destruction any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Egglettes Mark and Egglettes Works, or bear any marks that are confusingly or substantially similar to the Egglettes Mark or Egglettes Works;

M.      For an order of the Court requiring that Defendants deliver up for destruction to Plaintiff any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation the Egglettes Mark and Egglettes Works, or bear any marks and/or artwork that are confusingly similar or substantially similar to the Egglettes Mark or Egglettes Works pursuant to 15 U.S.C. § 1118.

N.      For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing and/or Counterfeit Products as described herein, including prejudgment interest.

O.      For an order from the Court that an asset freeze or constructive trust be imposed

over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to Plaintiff;

P.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

Q.      For Plaintiff's reasonable attorneys' fees;

R.      For all costs of suit; and

S.      For such other and further relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury on all claims.


Dated:  August 27, 2018                                  Respectfully submitted,

                                                   EPSTEIN DRANGEL LLP


                                          BY:    Spencer Wolgang
                                                 Spencer Wolgang (SW 2389)
                                                 swolgang@ipcounselors.com
                                                 Brieanne Scully (BS 3711)
                                                 bscully@ipcounselors.com
                                                 Mary Kate Brennan (MB 5595)
                                                 mbrennan@ipcounselors.com
                                                 Ashly E. Sands (AS 7715)
                                                 asands@ipcounselors.com
                                                 Jason M. Drangel (JD 7204)
                                                 jdrangel@ipcounselors.com
                                                 60 East 42nd Street, Suite 2520
                                                 New York, NY 10165
                                                 Telephone: (212) 292-5390
                                                 Facsimile: (212) 292-5391
                                                 *Attorneys for Plaintiff*
                                                 *Ideavillage Products Corp.*

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# EGGLETTES

**Reg. No. 5,500,970**

**Registered Jun. 26, 2018**

**Int. Cl.: 21**

**Trademark**

**Principal Register**

Ideavillage Products Corp.  (NEW JERSEY CORPORATION)
155 Route 46 West
Wayne, NEW JERSEY 07470

CLASS 21: Cookware, namely non-stick pods used for hard boiling eggs; Cookware used in boiling water, namely egg shell shaped non-stick pods used for cooking eggs

FIRST USE 1-24-2018; IN COMMERCE 1-24-2018

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-558,797, FILED 08-07-2017

Director of the United States
Patent and Trademark Office

2

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.


**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*


**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn A. Temple*

Acting United States Register of Copyrights and Director

**Registration Number**

## PA 2-106-754

**Effective Date of Registration:**
March 13, 2018

---

## Title
_____

**Title of Work:** Egglettes Commercial

## Completion/Publication
_____

**Year of Completion:** 2017
**Date of 1st Publication:** August 26, 2017
**Nation of 1st Publication:** United States

## Author
_____

- **Author:** Concepts TV Productions
  **Author Created:** entire motion picture
  **Work made for hire:** Yes
  **Domiciled in:** United States

## Copyright Claimant
_____

**Copyright Claimant:** Ideavillage Products Corp.
155 Route 46 West, Wayne, NJ, 07470, United States
**Transfer statement:** By written agreement

## Rights and Permissions
_____

**Organization Name:** Epstein Drangel LLP
**Name:** Jason M. Drangel
**Email:** mail@ipcounselors.com
**Telephone:** (212)292-5390
**Address:** 60 East 42nd Street
Suite 2520
New York, NY 10165 United States

## Certification
_____

Page 1 of 2

**Name:** Annmary Ittan
**Date:** March 13, 2018
**Applicant's Tracking Number:** 1111-001C

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

Registration Number
## VA 2-094-787
**Effective Date of Registration:**
March 13, 2018

## Title

| | |
|---|---|
| **Title of Work:** | Egglettes Packaging Artwork, Instructions and Recipe Booklet |
| **Content Title:** | Egglettes Packaging Artwork |
| | Egglettes Instructions |
| | Egglettes Recipe Booklet |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2017 |
| **Date of 1st Publication:** | January 24, 2018 |
| **Nation of 1st Publication:** | United States |

## Author

- **Author:** Ideavillage Products Corp.
  **Author Created:** photograph, 2-D artwork, Text
  **Work made for hire:** Yes
  **Domiciled in:** United States

- **Author:** Morris Weber
  **Author Created:** photograph, 2-D artwork, Text
  **Work made for hire:** Yes
  **Domiciled in:** United States

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Ideavillage Products Corp.<br>155 Route 46 West, 4th Floor, Wayne, NJ, 07470, United States |
| **Transfer statement:** | Assignment |

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP
**Name:** Jason M. Drangel
**Email:** mail@ipcounselors.com
**Telephone:** (212)292-5390
**Address:** 60 East 42nd Street
Suite 2520
New York, NY 10165 United States

## Certification

**Name:** Annmary Ittan
**Date:** March 13, 2018
**Applicant's Tracking Number:** 1111-001C

**Correspondence:** Yes
**Copyright Office notes:** Basis for Registration: Unit of publication

